United States District Court
Southern District of Texas
**ENTERED**
August 31, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| OMAR GUADALUPE SORIA-GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-cv-205 |
| | § | CRIM. ACTION NO. 1:19-983-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 14, 2020, Petitioner Omar Guadalupe Soria-Gonzalez[1] filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Soria-Gonzalez's petition is substantively meritless.

**I. Background**

    **A. Factual Background**

        **1. Indictment & Guilty Plea**

On October 29, 2019, the grand jury indicted Soria-Gonzalez on one count of illegally re-entering the United States after being been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Soria-Gonzalez, Criminal No. 1:19-983-1, Dkt. No. 5 (J. Rodriguez presiding) [hereinafter CR].

---

[1] Soria-Gonzalez was indicted and convicted as Omar Guadalupe Gonzalez-Soria. CR Dkt. Nos. 5, 25.  He filed this petition as Soria-Gonzalez; for the sake of consistency, the Court will refer to him as Soria-Gonzalez.

On November 26, 2019, Soria-Gonzalez appeared before the Magistrate Judge and pled guilty to the sole count in the indictment pursuant to a plea agreement with the Government. CR Dkt. No. 15.

The plea agreement included a provision waiving some of Soria-Gonzalez's appellate rights.  It stated that:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined.  Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding. If the defendant files a notice of appeal following the imposition of sentence, the government will seek specific performance of this provision.  Nothing in the foregoing waiver of appellate and collateral review of rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

CR Dkt. No. 15, pp. 4-5.

The Court established that Soria-Gonzalez had never been in a mental institution or treated for a mental illness of any kind; was not under the influence of any medications or drugs; was able to assist in his own defense; had discussed the charges with his attorney; and was satisfied with his attorney's representation. CR Dkt. No. 32, pp. 8-11.  Soria-Gonzalez also informed the Court that he had not been forced to plead guilty; and that he understood that if the Court rejected his plea agreement, he would not have an automatic right to withdraw his guilty plea. Id, pp. 9-34.

Soria-Gonzalez also stated that he had seen and received a copy of the charges that had been filed against him; that he understood both the maximum possible sentence that he faced and the effect of the sentencing guidelines in his case. CR Dkt. No. 32, pp. 12-22. Soria-Gonzalez further stated that he understood his constitutional right to remain silent; his constitutional right to the assistance of counsel; his constitutional right to trial by jury; his constitutional right to a presumption of innocence that the government must overcome

by proving guilt beyond a reasonable doubt; and, his constitutional right to cross-examine opposing witnesses and to subpoena witnesses on his behalf. Id.

Having stated that he understood all of his rights, Soria-Gonzalez pled guilty to illegally re-entering the United States.

On that same day, the Magistrate Judge issued a report and recommendation that the District Judge accept Soria-Gonzalez's plea of guilty. CR Dkt. No. 12.

### 2. Presentence Report

In the final presentence report ("PSR"), Soria-Gonzalez was assessed a base offense level of eight. CR Dkt. No. 18, p. 5.  He was assessed a four-point enhancement because he was previously convicted for a felony illegal reentry offense. Id.  He was also assessed a four-level enhancement because he had a 2007 state conviction for possession of a controlled substance, in which he received a two-year suspended sentence.  Because this was a felony conviction, other than illegal reentry, in which he received a sentence of at least two years, he was assessed the four points. Id.[2]  Soria-Gonzalez received a three-level reduction for acceptance of responsibility. Id.  Thus, Soria-Gonzalez was assessed a total offense level of 13. Id.

Regarding his criminal history, Soria-Gonzalez had five adult criminal convictions and was assessed five criminal history points. CR Dkt. No. 18, pp. 5-7.  He was assessed an additional two criminal history points because he was on federal supervised released at the time he committed the instant offense. Id.  Thus, he was assessed 7 total criminal history points, resulting in a criminal history category of IV.  An offense level of 13 and criminal history category of IV, produced a sentencing guideline imprisonment range of 24 to 30 months.

---

[2] The PSR incorrectly cited U.S.S.G. § 2L1.2(B)(2)(B) as the basis for this enhancement, which would have made it an eight-level enhancement.  The proper citation would be U.S.S.G. § 2L1.2(b)(D).  The calculation correctly only assessed a four-level enhancement, so any error was harmless.

### 3. Sentencing

Soria-Gonzalez objected to the PSR, asserting that his supervised release had already expired when he committed the instant offense. CR Dkt. No. 17.  This objection was overruled. CR Dkt. No. 30, pp. 4-5.[3]

On March 2, 2020, the Court sentenced Soria-Gonzalez to 24 months imprisonment, and two years of supervised release. CR Dkt. No. 25.  Judgment was entered on March 9, 2020. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. Fed. R. App. P. 4(b)(1)(A), 26(a)(2). Therefore, Avalos's deadline for filing a notice of appeal passed on March 23, 2020. Id.

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On December 14, 2020, Soria-Gonzalez timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.  His original petition merely claimed ineffective assistance of counsel, but stated almost no facts in support of that claim. Id, p. 4.

On December 15, 2020, the Court issued an order, noting that the claims raised were conclusory and warning Soria-Gonzalez that the instant petition would likely be his only opportunity to collaterally attack his conviction and sentence. Dkt. No. 4 (citing Castro v. U.S., 540 U.S. 375 (2003)).  Soria-Gonzalez was given until January 15, 2021, to file an amended petition. Dkt. No. 4.

On January 4, 2021, Soria-Gonzalez filed his amended petition. Dkt. Nos. 8, 9. Soria-Gonzalez reiterates his conclusory claims of ineffective assistance of counsel, namely that counsel (1) gave him "bad advice to plead guilty"; (2) gave him "bad advice to reject a plea offer"; and (3) "failed to communicate plea offer and option to plead.". Dkt.

---

[3] This objection centered on when Soria-Gonzalez re-entered the United States; a § 1326 violation is a continuing offense that starts when the alien re-enters the country and continues until he is found. U.S. v. Reyes-Nava, 169 F.3d 278, 280 (5th Cir. 1999).  The Court found that Soria-Gonzalez re-entered the United States in May 2015, prior to the expiration of his supervised release term.

No. 8, p. 4.  Soria-Gonzalez also makes the following additional claims: (4) because he was not properly deported, his charging offense should have been pursuant to 8 U.S.C. § 1325 and not § 1326; (5) because he was not properly deported, he should not have had any criminal history points added for his prior illegal re-entry conviction; (6) his lawyer was ineffective for failing to challenge the offense conduct calculation in the PSR; (7) counsel failed to consult him about a possible appeal; (8) he should not have had a term of supervised release as part of his sentence. Dkt. Nos. 8, 9.

Because this petition can be resolved solely on the record before the Court, the Court has not ordered the Government to respond.

## II.  Applicable Law

### A. Section 2255

Soria-Gonzalez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)   A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

### III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief.").  The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Soria-Gonzalez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  Even applying that standard, neither the record – nor the law – support Soria-Gonzalez's claim.

Soria-Gonzalez has raised eight claims.   The following five claims relate to ineffective assistance of counsel: (1) his lawyer gave him "bad advice to plead guilty"; (2) his lawyer gave him "bad advice to reject a plea offer"; (3) his lawyer "failed to communicate plea offer and option to plead"; (4) his lawyer was ineffective for failing to challenge the offense conduct calculation in the PSR; and (5) counsel failed to consult him about a possible appeal.  Soria-Gonzalez made the following additional claims: (6) because he was not properly deported, his charging offense should have been pursuant to 8 U.S.C. § 1325 and not § 1326; (7) because he was not properly deported, he should not have had any criminal history points added for his prior illegal re-entry conviction; and (8) he should not have had a term of supervised release as part of his sentence. Each are addressed in turn, but they all are meritless, as set out below.[4]

---

[4] The Court notes that Soria-Gonzalez has generally waived his right to file this petition, with the express exception of any claims of ineffective assistance of counsel. CR Dkt. No. 15, pp. 4-5. The plea agreement permitted him to raise ineffective assistance in "the appropriate forum." Id. A § 2255 motion is the proper forum to raise such claims. Massaro v. U.S., 538 U.S. 500, 503-04 (2003). Thus, his claims regarding whether he was properly deported and whether supervised

## A. Ineffective Assistance of Counsel

### 1. Guilty Plea and Plea Agreement

Soria-Gonzalez makes three related claims of ineffective assistance of counsel: (1) his lawyer gave him "bad advice to plead guilty"; (2) his lawyer gave him "bad advice to reject a plea offer"; and, (3) his lawyer "failed to communicate plea offer and option to plead." Ignoring the internal inconsistencies in these positions, the first claim is entirely conclusory and the latter two claims are belied by the record.

As to the first claim, Soria-Gonzalez simply states that his lawyer gave him bad advice to plead guilty, but provided no factual background as to why this was bad advice. Soria-Gonzalez raised this exact claim in his original complaint in this case; the Court informed him that it was conclusory and gave him an opportunity to file an amended complaint. Dkt. Nos. 1, 4. In the amended complaint, Soria-Gonzalez added no facts to show how his lawyer's advice was constitutionally deficient. "Conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000). This claim should be denied.

As to the second and third claims, that his lawyer gave him bad advice to reject a plea offer and that his lawyer failed to communicate a plea offer to him, they are belied by the record. Soria-Gonzalez pled guilty, pursuant to a plea agreement with the Government. He testified under oath at the re-arraignment hearing that he discussed the terms of the plea agreement with his lawyer. CR Dkt. No. 32, pp. 30-31. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Soria-Gonzalez has provided no evidence to overcome the strong presumption of verity. These claims should be denied.

---

release was appropriate are barred by the waiver of rights in the plea agreement, because they are not based on ineffective assistance. While the Court has not required the United States to reply to Soria-Gonzalez's petition, the Court "is entitled to conclude that the government wishes what it bargained for." U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007). However, the Court will still analyze his claims. Even if Soria-Gonzalez had not waived his appellate rights, the practical result would be no different, as his claims are substantively meritless.

### 2. Offense Conduct Calculation

Soria-Gonzalez claims that his lawyer failed to object to an incorrect application of the sentencing guidelines.  This claim should be denied.

Soria-Gonzalez's claim is a bit hard to follow, but it appears that he is arguing that he should have been assessed only a total offense level of eight and a criminal history category of IV, which would have resulted in a guideline sentencing range of 10 to 16 months.  This claim is belied by the record.

As previously noted, Soria-Gonzalez was given a four-level enhancement because he had previously pled guilty to illegally re-entering the United States. CR Dkt. No. 18, p. 5.  He also received an additional four-level enhancement for his state conviction for possession of a controlled substance.  U.S.S.G. § 2L1.2(b)(2)(D).  Thus, he was convicted of a felony offense other than an illegal reentry offense. Id.  Based upon his criminal history, his sentence was correctly enhanced.  Counsel is not required to file futile objections. Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990); U.S. v. Preston, 209 F.3d 783, 785 (5th Cir. 2000) (Counsel is not ineffective for failing to object to a proper sentence).  This claim should be denied.

### 3. Appeal

Soria-Gonzalez asserts that counsel failed to consult with him about appealing his sentence.  This claim should also be denied.

Soria-Gonzalez should have been aware of his appellate rights.  As an initial matter, Soria-Gonzalez was informed in his plea agreement of his right to appeal. CR Dkt. No. 15. At his re-arraignment, he told the Magistrate Judge under oath that he understood his right to appeal. CR Dkt. No. 32, pp. 31-32.  Furthermore, at sentencing, the District Judge informed him that he had the right to appeal within 14 days of the entry of judgment. CR Dkt. No. 30, p. 8.  The Court does not find Soria-Gonzalez's assertions of ignorance credible, to the extent it disclaims any knowledge of the appellate process.

Nevertheless, the Court will assume, for the sake of argument, that counsel failed to discuss the possibility of an appeal with Soria-Gonzalez.  The analysis, however, goes beyond this consideration.  In determining whether there was deficient performance, the

Court must consider whether Soria-Gonzalez reasonably demonstrated to his lawyer that he wished to appeal or whether a rational defendant in Soria-Gonzalez's situation would have wanted to appeal. Soria-Gonzalez must meet one of these two standards in order to establish deficient performance; he has not established either one.

A defense attorney "has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think" either: (1) "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing[:]" or (2) "that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal)." U.S. v. Cong Van Pham, 722 F.3d 320, 324 (5th Cir. 2013) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000)).

In order to establish prejudice for counsel's failure to consult, the particular defendant must show by a preponderance of the evidence that, but for counsel's failure, he would have timely filed a notice of appeal.)." Cong Van Pham, 722 F.3d at 324.  In cases where the defendant reasonably demonstrated to his attorney that he, individually, was interested in appealing (a subjective standard), the defendant does not need to show that the appeal would have been meritorious. Id. This prejudice test applies even when the defendant waived the right to appeal. Id. On the other hand, in considering whether a rational defendant (an objective standard) would want to appeal, the absence of a non-frivolous issue may be considered. Flores-Ortega, 528 U.S. at 480.

In determining whether Soria-Gonzalez reasonably demonstrated that he was interested in appealing, the Court is mindful that there are no magical incantations that a defendant must use to demonstrate an interest in appealing. Cong Van Pham, 722 F.3d at 325. "Just as it is part of counsel's duty to recognize when a rational defendant would want to appeal, so too is it part of his duty to recognize when, however inartfully or inarticulately, his client demonstrates an interest in an appeal." Id.

In this case, there is no evidence in the record that Soria-Gonzalez ever demonstrated a dissatisfaction with his sentence to his counsel.  He stated that "counsel fail[ed] to advise [him] of any available procedure" to appeal; he never states that he told

counsel that he wanted to appeal.  Thus, Soria-Gonzalez has not provided any evidence of a subjective interest in appealing his sentence.

Accordingly, the Court turns to the question of whether a rational defendant in Soria-Gonzalez's situation would want to appeal.  Neither the Supreme Court, nor the Fifth Circuit Court of Appeals, have ever expressly set out the standard to apply in considering what a hypothetical rational defendant would want to do.  The Supreme Court has, however, noted that a rational defendant would want to appeal if there are "non-frivolous grounds" for appeal. Flores-Ortega, 528 U.S. at 480.  Other factors to consider are: whether the defendant pled guilty; received a sentence that was bargained for in the plea agreement; and whether the defendant waived some or all of his appellate rights. U.S. v. Cooper, 617 F.3d 307, 313 (4th Cir. 2010) (citing Flores-Ortega, 528 U.S. at 480).

Viewed in this light, a rational defendant in Soria-Gonzalez's situation would not wish to appeal.  Soria-Gonzalez pled guilty and waived his right to file his appeal, which indicates that he sought to end the judicial proceedings. Flores-Ortega, 528 U.S. at 480. As part of his guilty plea, he waived all of his appellate rights, except for ineffective assistance of counsel, which normally cannot be raised on direct appeal. U.S. v. Munoz Flores, 324 Fed. App'x. 389, 389 (5th Cir. 2009).  He testified under oath that he understood this waiver of rights. CR Dkt. No. 32, pp. 31-32.  Furthermore, there were no non-frivolous issues to be raised on appeal.

Thus, a rational defendant in Soria-Gonzalez's situation would not have chosen to appeal.

Given that Soria-Gonzalez never communicated his desire to appeal to his counsel and a rational defendant in Soria-Gonzalez's situation would not have wanted to appeal, counsel was not deficient for failing to consult with Soria-Gonzalez concerning an appeal. This claim should be denied.

**B. Prior Deportation**

Soria-Gonzalez asserts that because he was not properly deported, then he was wrongfully convicted, given that a prior deportation is an element of the offense for a § 1326 conviction.  This claim is meritless.

Within established parameters, an alien may collaterally challenge a prior deportation or removal order, when the prior order is used to prove an element of a criminal offense. U.S. v. Mendoza–Lopez, 481 U.S. 828 (1987).  "In order successfully to collaterally attack a deportation order in a § 1326 prosecution, the alien must show (1) that the deportation hearing was fundamentally unfair, (2) that the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the deportation, and (3) the procedural deficiencies caused him actual prejudice." U.S. v. Benitez–Villafuerte, 186 F.3d 651, 658–59 (5th Cir. 1999).  Actual prejudice "means there was a reasonable likelihood that but for the errors complained of the defendant would not have been deported." Id.  If the defendant cannot establish actual prejudice, then there is no basis for attacking the deportation, even if procedural deficiencies otherwise existed. See U.S. v. Cuevas, 67 Fed. App'x. 248 (5th Cir. 2003) (affirming § 1326 conviction where defendant could not show actual prejudice from any alleged procedural deficiencies in his prior deportation proceeding).

Soria-Gonzalez simply claims that "I have not been correctly deported by an immigration judge." Dkt. No. 1, p. 5.  He does not explain how his hearing was fundamentally unfair; or how he was deprived of judicial review; and, how those procedural deficiencies prejudiced him. Benitez–Villafuerte, 186 F.3d 651, 658–59.  His claim is conclusory and should be denied.

The Court notes that Soria-Gonzalez was first deported on December 11, 2007. CR Dkt. No. 18, p. 3.  At the time of his deportation, he had just been convicted of possession of a controlled substance, namely cocaine. Id, p. 6.  As such, he was a deportable alien under 8 U.S.C. § 1227(a)(2)(B).  Such deportable aliens are subject to expedited removal, pursuant to 8 U.S.C. § 1228(a)(1).  The expedited removal proceedings do not require that an immigration judge issue a removal order, so long as the minimums of due process are met. U.S. v. Benitez-Villafuerte, 186 F.3d 651, 657 (5th Cir. 1999) (citing § 1228(b)(4)).  Soria-Gonzalez has pled no facts showing that the expedited removal did not meet the requirements of due process.

Soria-Gonzalez has also asserted that because he was not properly deported, he should not have had any criminal history points added for his prior illegal re-entry conviction.  Because he has not demonstrated that his deportation was improper, this claim also fails and should be denied.

### C. Supervised Release

Soria-Gonzalez asserts that he should not have had a term of supervised release as part of his sentence.  This claim is unsupported by both the law and the facts.

"The district court may impose upon a defendant a term of supervised release as part of its sentencing decision," and the decision to do so is within the Court's discretion. U.S. v. Rodriguez, 558 F.3d 408, 411 (5th Cir. 2009). The decision to impose supervised release will be upheld unless the Court's decision was "substantively unreasonable." Id. For § 1326 convictions, "supervised release should not be imposed absent a determination that supervised release would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case." U.S. v. Dominguez–Alvarado, 695 F.3d 324, 329 (5th Cir. 2012).

In this case, the Court was clearly concerned with deterring Soria-Gonzalez from re-entering the United States, yet again. See CR Dkt. No. 30, p. 7 (District judge noting that "One of the factors that I need to consider when I determine the appropriate sentence is the -- the type of sentence required to deter you from engaging in the same crime or deter others" and that the term of supervised release was imposed "as an added measure of deterrence and protection based on the particular facts of this case.").   "Adequate deterrence" is a "valid consideration[ ] in determining whether to impose a term of supervised release." U.S. v. Medina–Torres, 370 Fed. App'x. 554, 555 (5th Cir. 2010). Thus, the Court's decision to impose supervised release was not substantively unreasonable. Accordingly, this claim is also meritless, and should be denied.

## IV.  Recommendation

It is recommended that the Petitioner Omar Guadalupe Soria-Gonzalez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Soria-Gonzalez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Soria-Gonzalez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on August 31, 2021.

_____

Ronald G. Morgan
United States Magistrate Judge